UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KATHLEEN REAGAN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:17CV1004 AGF |
| | ) |
| CRC TRANSPORT, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' motion (ECF No. 32) to exclude certain testimony offered by three of Defendants' expert witnesses. For the reasons set forth below, the motion will be granted in part and denied in part.

## BACKGROUND

This personal injury case arises out of an automobile accident on Interstate 57 on July 27, 2016, when Plaintiff Kathleen Reagan's vehicle was rear-ended by a semi tractor-trailer driven by Vladimir Zmeu for CRC Transport (Defendants). Reagan claims that her cervical spine was injured and her pre-existing low back condition was aggravated as a result of the crash, which she alleges was caused by Zmeu's excessive speed in bad weather conditions. After the accident, Reagan came under the treatment of Dr. Nilesh Kotecha, who identified multiple disc herniations. With respect to Plaintiff's neck, Dr. Kotecha relied on a cervical discogram to determine that Plaintiff was a candidate for surgery, and Plaintiff underwent a discectomy and fusion at C4-C5 and C5-C6. With respect to Plaintiff's low back,

Dr. Kotecha pursued a course of treatment involving facet block injections and ultimately rhizotomy at L4-L5 and L5-S1.

Defendants retained Dr. Sarah Fouke, a neurosurgeon, and Dr. Joshua Shimony, a radiologist, to opine on Plaintiff's diagnosis and treatment. Defendants retained Mr. Tom Schaefer, an engineer and accident reconstructionist, to opine on the dynamics of the crash. Their opinions are summarized further below as relevant to the present motion.

## DISCUSSION

**Standards of Law**

The admission of expert testimony in federal court is governed by Federal Rule of Evidence 702. *Wagner v. Hesston Corp.*, 450 F.3d 756, 758 (8th Cir. 2006). Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The rule incorporates the Supreme Court's decision in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), charging trial judges with a "gatekeeping" role to exclude unhelpful and unreliable expert testimony. "The objective of the *Daubert* inquiry is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of

intellectual rigor that characterizes the practice of an expert in the relevant field." *Am. Auto. Ins. Co. v. Omega Flex, Inc.*, 783 F.3d 720, 722 (8th Cir. 2015). "First, the trial court must make a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and properly can be applied to the facts in issue." *Kudabeck v. Kroger Co.*, 338 F.3d 856, 860 (8th Cir. 2003). Second, the court must ensure that the proposed testimony is relevant and will aid the trier of fact by providing information beyond one's common knowledge. *Id.*

Although the proponent of expert testimony must prove its admissibility by a preponderance of the evidence, Rule 702 "is one of admissibility rather than exclusion." *Shuck v. CNH Am., LLC*, 498 F.3d 868, 874 (8th Cir. 2007). "Doubts regarding whether an expert's testimony will be useful should generally be resolved in favor of admissibility." *Miles v. General Motors Corp.*, 262 F.3d 720, 724 (8th Cir. 2001).

**Dr. Fouke**

Dr. Sara Fouke conducted an independent medical evaluation of Plaintiff and disagreed with Dr. Kotecha's diagnoses of Plaintiff's spinal injuries. With respect to Plaintiff's neck, Dr. Fouke characterized Plaintiff's condition as cervical strain and not disc herniation. With respect to Plaintiff's low back, Dr. Fouke attributed Plaintiff's pain to degenerative changes and not the crash. As relevant to the present motion, she explained that: (1) her typical management of a patient such as Plaintiff would not have included surgical intervention; (2) she does not typically perform spinal fusions for axial neck pain in the absence of a structural pathology or clear instability; (3) she would have advocated for

more aggressive conservative measures over surgical intervention; and (4) her standard clinical practice does not include the performance of routine discograms.

Plaintiff does not challenge Dr. Fouke's qualifications or methodology but argues that her individual practices are irrelevant, speculative, and also confusing to the jury insofar as she implies malpractice by Dr. Kotecha. Defendants counter, in sum, that statements 1-3 merely accord with Dr. Fouke's overall assessment that Plaintiff's neck injury was minor, and statement 4 is proper in the context of Dr. Fouke's related testimony doubting the reliability of discograms. Dr. Fouke expressly denied any malpractice by Dr. Kotecha.

In support of her position that Dr. Fouke's above statements are inadmissible, Plaintiff cites three state law cases: *Boehm v. Pernoud*, 24 S.W.3d 759 (Mo. App. E.D. 2000), *Lievrouw v. Roth*, 459 N.W.2d 850 (Wis. App. 1990), and *Hanson v. Am. Family Mut. Ins. Co.*, 716 N.W.2d 866 (Wis. 2006). None is instructive here. *Boehm* examined the sufficiency of expert testimony for a submissible case of medical malpractice, while *Lievrouw* and *Hanson* involved jury instructions on damages aggravated by malpractice. This case does not involve malpractice, and, in federal court, the "question of whether expert testimony should be admitted or excluded is a matter governed by federal, rather than state, law." *Clark v. Heidrick*, 150 F.3d 912, 914 (8th Cir. 1998). Neither party cites authoritative precedent to inform the Court's analysis.

First, it is well-settled that the reliability of expert testimony can lie not only in professional studies but also in personal experience. *See e.g., Kudabeck*, 338 F.3d at 861-862 (recognizing that experience with patients is a "tool of the trade"). Dr. Fouke's statements at issue here derive from and encapsulate her personal experience treating

patients such as Plaintiff. In other words, Dr. Fouke's personal experience supports the reliability of her testimony and informs her ultimate opinions on the cause and severity of Plaintiff's injuries. Dr. Fouke's testimony is permissible in this regard.

Second, proposed testimony must be relevant and aid the trier of fact by providing information beyond one's common knowledge. *Kudabeck*, 338 F.3d at 860. Reviewing the challenged statements in context, Dr. Fouke's explanations simply comport with her professional conclusion, differing from Dr. Kotecha's, as to the severity of Plaintiff's neck injury and the necessity of surgery. These are matters generally beyond a juror's common knowledge, and Dr. Fouke's testimony would aid the trier of fact on these questions. Thus, Dr. Fouke may offer her opinion, based on her experience and on professional standards of care, as to the method and substance of Plaintiff's diagnosis and corresponding course of treatment. While the Court cautions Defendants that any testimony framed as individual preference would be of dubious probative value and subject to standard objections at trial, ultimately Plaintiff's motion is unpersuasive and will be denied.

**Dr. Shimony**

Dr. Shimony reviewed Reagan's radiology films and opined in pertinent part that he did not see a surgical lesion. He conceded, however, that such a determination is beyond the scope of his practice and training. Plaintiff argues that Dr. Shimony's testimony to this effect be stricken because he is not qualified to offer it. Defendants did not respond to this aspect of Plaintiff's motion, and the time to do so has passed.

"The trial court has to decide whether a particular expert had sufficient specialized knowledge to assist the jurors in deciding the particular issues in the case." *American Auto*

*Ins. v. Omega Flex*, 783 F.3d at 723.  In light of Dr. Shimony's concession, and absent any rebuttal by Defendants, the Court will grant Plaintiff's motion as to this particular opinion of this witness.

**Mr. Schaefer**

Mr. Schaefer, an engineer and accident reconstructionist, reviewed the crash report, photos of the accident and vehicles, the drivers' depositions, Google Earth images of the area, an accident reconstruction publication, and the Missouri commercial driver license manual.  There were no skid marks from the accident.  Schaefer noted that both drivers reduced their speed due to rain and poor visibility.  Schaefer referred to Defendant Zmeu's testimony that Zmeu was driving at a speed of 45 mph when he saw Plaintiff's vehicle and braked hard.  Taking into account a driver's perception-response time (1.5 seconds) and the tractor-trailer's braking drag factor (0.3g-0.5g), Schaefer estimated that Zmeu detected the hazard from 100 feet.  Schaefer further estimated from the debris field that the tractor-trailer traveled only a short distance after impact.  Thus, ultimately, Schaefer opined that, at the moment of impact, Zmeu was traveling at less than 30 mph and, obviously, Plaintiff was traveling slower than Zmeu.

Plaintiff argues that Schaefer's speed estimate is unreliable because it was based on nothing more than photos and not supported by any scientifically valid method.  In support of her position that Schaefer's opinion should be excluded, Plaintiff cites *Missey v. Kwan*, 595 S.W.2d 460 (Mo. App. E.D. 1980), and *Everett v. Bishop*, 680 S.W.2d 779 (Mo. App. E.D. 1984), where the Missouri Court of Appeals deemed inadmissible speed estimates based on photos of the vehicles.  Plaintiff argues that Schaefer's opinion similarly relied

only on photos; he did not inspect the vehicles, obtain data from their electronic modules, visit the crash scene, or speak with responding officers. Defendants counter that, although Schaefer did not incorporate every available form of evidence, the data he considered was sufficient to support his opinion. Plaintiff also argues that Schaefer's opinion improperly relies on an assumption that the beginning of the debris field marks the point of impact. Plaintiff cites *Chester v. Shockley*, 304 S.W.2d 831 (Mo. 1957), where the Missouri Supreme Court deemed inadmissible an officer's opinion as to point of impact based on skid marks and the debris field. Defendants respond that Plaintiff mischaracterizes Schaefer's opinion; he did not identify an exact point of impact but merely observed the general area of impact.[1]

Again here, the "question of whether expert testimony should be admitted or excluded is a matter governed by federal, rather than state, law." *Clark*, 150 F.3d at 914. Neither party cites authoritative precedent. The Court finds guidance in *Miles v. General Motors Corp.*, 262 F.3d 720 (8th Cir. 2001). There, the plaintiff sought to exclude an engineer's testimony as to the cause of a motorcycle accident where the expert's opinion was based on photos, the police report, witness statements, medical records, and medical literature but did not include an examination of the vehicles, the accident scene, the plaintiff's x-rays, or the plaintiff himself. The district court permitted the expert's testimony, and the Eighth Circuit affirmed, reasoning that "simply because [the expert] did not conduct the reconstruction in the manner in which [plaintiff] found most suitable does

---

[1] Though not central to the Court's analysis here, Defendants are correct that Schaefer's report does not identify a point of impact but specifically cautions that debris "is typically not a precise indicator of the collision location, but it can provide an indication of the general impact area."

not render [that] methodology fallible." *Id*. at 724. The Court further observed that the expert's methodology goes to the weight of his testimony, not its admissibility, and thus is a proper subject for cross-examination but not a basis for absolute exclusion. *Id*. at 724-725. Similarly here, the Court has reviewed the record and agrees with Defendants that Schaefer's opinion is not based solely on photos, as Plaintiff suggests. Rather, Schaefer's report, deposition, and related exhibits establish that he also considered the crash report and drivers' statements, consulted an industry publication, and performed multiple mathematical calculations using several variables to arrive at his conclusion.

Rule 702 "is one of admissibility rather than exclusion" and envisions a flexible inquiry. *Shuck v. CNH Am.*, 498 F.3d at 874. "As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." *First Union Nat. Bank v. Benham*, 423 F.3d 855, 862 (8th Cir. 2005). "Only if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury must such testimony be excluded." *Id*. Plaintiff fails to persuade the Court that Schaefer's speed estimate is so fundamentally unsupported as to warrant exclusion. Plaintiff may explore perceived weaknesses on cross examination.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to exclude is **GRANTED in part** and **DENIED in part**. (Doc. No. 32.) The motion is **GRANTED** with respect to Dr. Shimony's testimony that he identified a surgical lesion. The motion is **DENIED** in all other respects.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 13th day of November, 2018.